IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ROBERT BENTZ, #S03210,

    Plaintiff,

vs.                                                                                      Case No. 17–cv–0654–DRH

JAMES HOPPENSTED,
JOSHUA BERNER,
VERGIL SMITH,
DONALD LINDENBERG,
CHRISTOPHER FLEMING,
N. BERRY,
ANTHONY WILLS,
ZANG,
C. MAYER,
SGT. HARRIS,
MR. CONNER,
HAYSEMEYER,
WHITLEY,
WILLIAM QUALLS,
TONYA KNUST,
LORI OAKLEY,
G. MAYHUGH,
C/O WEBB,
C/O MARTIN,
JOHN DOE #1,
KENT BROOKMAN,
JASON HART, and
SUSAN HILL,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff David Bentz, currently incarcerated at Menard Correctional Center

1

("Menard"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2017. (Doc. 1). Pursuant to this Court's Order at Doc. 15, plaintiff's Complaint (Doc. 1) was dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff was also appointed counsel and ordered to file an amended complaint. (Doc. 15). Plaintiff filed a First Amended Complaint, by and through counsel, on December 29, 2017. (Doc. 30). This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the

factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Court incorporates by reference the facts articulated in the First Amended Complaint. (Doc. 30). Upon careful review of the First Amended Complaint, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## Discussion

The First Amended Complaint divides this action into 6 counts, outlined below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –** In April 2015, Berner, Smith, Lindenberg, and Fleming retaliated against Plaintiff for filing grievances and lawsuits by detaining and destroying Plaintiff's personal items, law books, and legal files, in violation of the First Amendment.

**Count 2 –** On June 27, 2016, in retaliation for Plaintiff filing grievances, Hoppensted, Webb, Martin, and John Doe #1 subjected Plaintiff to excessive force, or failed to intervene in the use of excessive force against Plaintiff, in violation of the Eighth[1] and First Amendments.

**Count 3 –** In July 2016, Hoppensted, Brookman, and Hart placed Plaintiff in punitive segregation without due process in retaliation for his filing lawsuits and grievances in violation of the First and Fourteenth Amendments.

**Count 4 –** From April 2015 to August 2015, Berner, Smith, Lindenberg, Fleming, Berry, Wills, Zang, Mayer, Harris, Conner, Haysemeyer, Hoppensted, Whitley, Qualls, Knust, Oakley, and

---

[1] Though the First Amended Complaint indicates that Count 2 is brought under the First and Fourth Amendments, because the alleged excessive force occurred while Plaintiff was an inmate at Menard and not in the context of an arrest or investigatory stop, the Eighth Amendment, not the Fourth, is appropriate. *Stainback v. Dixon*, 569 F.3d 767, 771 (7th Cir. 2009); *Kinney v. Indiana Youth Center*, 950 F.2d 462, 465 (7th Cir. 1991).

3

>           Mayhugh subjected Plaintiff to unconstitutional conditions of confinement in retaliation for his filing lawsuits and grievances, in violation of the First, Fourteenth, and Eighth Amendments.
>
> **Count 5 –** From July 10, 2016 to August 10, 2016, Hoppensted, Brookman, Hart, and Hill subjected Plaintiff to unconstitutional conditions of confinement in violation of the First, Eighth, and Fourteenth Amendments.
>
> **Count 6 –** The defendants for each count conspired with one another to carry out the actions underlying their respective counts in order to deter Plaintiff from filing future grievances and lawsuits and punish him for doing so.

Based on the allegations in the First Amended Complaint, Counts 1 through 5 state a claim upon which relief may be granted at this early stage. Count 6 does not, however, and will be dismissed without prejudice.

With respect to Count 6, plaintiff asserts that the defendants conspired together to punish him and prevent him from filing future lawsuits and grievances. However, his conclusion that defendants' actions amounted to an unlawful conspiracy is not supported by factual allegations. Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred

4

and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).

Plaintiff's claim that "[t]he Defendants named [in each respective Count] conspired" against plaintiff by committing the actions alleged in each respective Count, without more, is insufficient to allege a conspiracy. The First Amended Complaint contains no factual support for the idea that the defendants had a meeting of the minds to harm plaintiff. Instead, plaintiff's claim that the defendants engaged in a conspiracy rests solely on his own conclusions. Conclusory legal statements such as those set forth in the First Amended Complaint are insufficient to state a claim that survives review under § 1915A. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

For these reasons, Count 6 shall be dismissed for failure to state a claim upon which relief may be granted. Out of an abundance of caution, this dismissal shall be without prejudice.

### **Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed with Count 2 against John Doe #1. However, this defendant must be identified with particularity before service of the First Amended Complaint can be made on him. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited

5

discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Warden of Menard will be added as a defendant in this case, in his or her official capacity only, and he or she shall be responsible for responding to discovery (formal or otherwise) aimed at identifying John Doe #1. Guidelines for discovery will be set by the United States Magistrate Judge. Once this defendant's name is discovered, plaintiff, by and through counsel, shall file a motion to substitute the newly identified defendant in place of John Doe #1 in the case caption and throughout the Complaint.

### Pending Motion

Plaintiff has filed a Joint Notice to Court and Motion for Docket Sheet and Other (Doc. 33), which is **DENIED**. Plaintiff personally submitted this Motion, despite this Court's direction to plaintiff that he "shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation." (Doc. 15, p. 7); (Doc. 32). The Court reiterates its **WARNING** to plaintiff to refrain from wasting limited judicial resources by filing duplicative motions, particularly in this case where he has legal representation.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1 through 5** shall **PROCEED** against **BERNER, SMITH, BROOKMAN, HART, HILL, LINDENBERG, FLEMING, BERRY, WILLS, ZANG, MAYER, HARRIS, CONNER, HAYSEMEYER, HOPPENSTED, MARTIN, WEBB, WHITLEY, QUALLS,**

**KNUST, OAKLEY, MAYHUGH**, and **JOHN DOE #1**.

The **CLERK** is **DIRECTED** to **ADD WARDEN OF MENARD** as a defendant in this action, in his or her official capacity only, in CM-ECF. He or she shall be responsible for responding to discovery (formal or otherwise) aimed at identifying John Doe #1.

**IT IS FURTHER ORDERED** that **COUNT 6** is **DISMISSED** without prejudice against all defendants for failure to state a claim upon which relief may be granted

**IT IS FURTHER ORDERED** that as to **COUNTS 1 through 5**, the Clerk of Court shall prepare for **BERNER, SMITH, BROOKMAN, HART, HILL, LINDENBERG, FLEMING, BERRY, WILLS, ZANG, MAYER, HARRIS, CONNER, HAYSEMEYER, HOPPENSTED, MARTIN, WEBB, WHITLEY, QUALLS, KNUST, OAKLEY, MAYHUGH**, and **JOHN DOE #1** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff, by and through counsel, shall serve upon the defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Service shall not be made on **JOHN DOE #1** until such time as plaintiff, by and through counsel, has identified him by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court, by and through counsel, with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42

U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendants with particularity. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.29
11:15:29 -05'00'

**United States District Judge**